[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-13962

_____

CRAIG BENT,

Plaintiff-Appellant,

*versus*

KEVIN WILSON,
Detective,
ROBERT RILEY,
Detective,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

2                      Opinion of the Court                      22-13962

D.C. Docket No. 6:21-cv-00075-WWB-EJK

_____

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Craig Bent appeals the district court's dismissal of his complaint alleging multiple claims under 42 U.S.C. § 1983 against Defendants-Appellees Kevin Wilson and Robert Riley. The district court found that, even after amending his complaint, Bent had not complied with its order to correct his shotgun pleading "despite a clear directive from the Court." Therefore, as warned in the district court's previous order, Bent's second amended complaint was dismissed with prejudice. Bent moved for leave to file a third amended complaint, which the district court denied. After careful consideration of the record, the parties' briefs, and with the benefit of oral argument, we find reversible error in the district court's dismissal of Bent's complaint with prejudice.

Bent argues many issues related to his complaint's dismissal, but one rises above the rest—the sanction of dismissal with prejudice. This is an extreme sanction, and we have held that dismissals with prejudice are "justified only in extreme circumstances and as a last resort." *Wouters v. Martin Cnty.*, 9 F.3d 924, 933 (11th Cir. 1993). We find that this is not an extreme circumstance, and that the district court improperly imposed this extreme sanction here when sanctions less severe than dismissal with prejudice, such as attorney's fees, would have been appropriate. However, we leave

the ultimate lesser sanctions determination within the sound discretion of the able district judge.

The third amended complaint is not a shotgun pleading, complies with the district court's prior directives, and sufficiently alleges a cause of action for relief. As such, this complaint will serve as the operative pleading in the case.

For the reasons stated above, we reverse the district court's dismissal of Bent's seconded amended complaint with prejudice.

**REVERSED.**